FILED
February 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ASONG EUNICE ATABONG, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | NO. SA-26-CV-358-OLG |
| § | |
| TODD M. LYONS *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Asong Eunice Atabong's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 5).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Cameroon who entered the United States without inspection in 2023. *See* Dkt. Nos. 1 at 1, 4; 5 at 3. This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. *See* Dkt. Nos. 1 at 1; 5 at 3.

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. *See* Dkt. No. 2 at 2. On February 3, 2026, Respondents filed an abbreviated response, which acknowledged that numerous cases in the Western District of Texas "would control the result in this case should this Court follow the same legal reasoning in those prior decisions." Dkt. No. 5

at 2. As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).[1]

Petitioner Asong Eunice Atabong's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED**.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

**SIGNED** on February 6, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

---

[1] However, as Respondents correctly note, *see* Dkt. No. 5 at 1–2, once Petitioner is subject to an administratively final order of removal, her detention will become mandatory. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").